IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JUAN TORRES, | § |
| | § No. 460, 2017 |
| Appellant Below-Appellant, | § |
| | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware, |
| | § |
| REYBOLD HOMES, INC., | § C.A. No. N17A-02-012 |
| | § |
| Appellee Below-Appellee. | § |
| | § |

Submitted: March 9, 2018
Decided:   May 15, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 15th day of May 2018, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Juan Torres, filed this appeal from a Superior Court decision dated October 11, 2017, dismissing his appeal from a decision of the Industrial Accident Board ("the Board") for failure to prosecute. After careful consideration, we affirm the Superior Court's judgment.

(2)    In September 2016, Torres, through counsel, filed a petition to determine disfigurement, seeking additional compensation for disfigurement to his knee caused by an industrial accident for which he previously had been

awarded compensation for disability and disfigurement.[1]  Following a hearing on January 12, 2017, the Board awarded Torres a total of twenty-eight weeks of additional compensation for disfigurement, including scarring and altered gait.  Torres, acting *pro se*, appealed that decision to the Superior Court on February 28, 2017.

(3)　In his single-page opening brief in the Superior Court, Torres requested additional compensation for his total disability.  In its answering brief, Reybold Homes ("the Employer") asserted, among other things, that the issue of Torres' total disability was not presented to the Board in the first instance.  The Employer also argued that, on March 7, 2017, Torres signed an agreement with the Employer accepting $14,242.20 in satisfaction of the Board's judgment as to additional compensation due for disfigurement and deposited the check.  Torres did not file a reply brief and received a delinquency notice.

(4)　On September 25, 2017, the Superior Court directed Torres to file a response explaining why his appeal was not moot in light of his signed agreement accepting the Employer's full payment of the IAB's award and his signed receipt of payment.  The Superior Court further directed Torres to explain, alternatively, why the appeal should not be dismissed for his failure

---

[1] *See Torres v. Reybold Homes, Inc.*, 2014 WL 5822971 (Del. Nov. 6, 2014).

2

to file a reply addressing the points made in the Employer's answering brief. Torres failed to respond by the October 8th due date. On October 11, 2017, the Superior Court dismissed Torres' appeal for failure to prosecute. This appeal followed.

(5) Torres' opening brief on appeal does not address the Superior Court's dismissal of his appeal for failure to prosecute. Instead, he asserts that his current disability benefits are not enough to cover his monthly expenses. He requests that the Court increase his total disability benefits.

(6) This Court will not consider issues on appeal that were not fairly raised and presented to the trial court for review.[2] The petition Torres filed with the Board only raised an issue concerning Torres' compensation for disfigurement to his knee. There was no request for additional compensation due to his total disability. This issue was not fairly presented to the Board or the Superior Court. Accordingly, we will not consider it here.

(7) Furthermore, we find no error in the Superior Court's dismissal of Torres' appeal for failure to prosecute. The Superior Court directed Torres to show cause why his appeal was not made moot by his signed agreement and receipt of payment of the full amount of the Board's award in satisfaction

---

[2] Del. Supr. Ct. R. 8.

3

of the judgment.  Torres failed to respond to the court's directive.  Dismissal was entirely appropriate.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] Super. Ct. Civ. R. 72(i).

4